**JIANBO XU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–76419.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 16, 2007 *.

Filed April 19, 2007.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of The District Counsel Department of Homeland Security, San Francisco, CA, William C. Erb, Jr., Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, AGU–District, Office of The District Director U.S. Courthouse, Karon V. Johnson, Esq.,

USHA—Office of The U.S. Attorney, Hagatna, GU, for Respondent.

Before: O'SCANNLAIN, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Jianbo Xu, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") upholding an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), we deny the petition for review.

Xu stated in his asylum application and testified that he was involved in the Tiananmen Square demonstrations in China, yet denied his participation in the demonstrations during his interview with the asylum officer. Xu's interview with the asylum officer was sufficiently reliable to be used as an impeachment source. *See Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir.2004). Accordingly, the inconsistency between Xu's testimony to the IJ and to the asylum officer is significant and goes to the heart of his claim. *See id.* at 962.

Because Xu cannot meet the lower standard of eligibility for asylum, he has failed to show that he is entitled to withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because Xu's CAT claim is based on the same testimony that was found not credible, and he points to no other evidence that the BIA should have considered in making the CAT determination, his CAT claim also fails. *See id.* at 1157.

To the extent that Xu challenges the sufficiency of his translation, Xu failed to establish that he had difficulty understanding the translator or that a better translation would have made a difference in the outcome of his case. *See Kotasz v. INS,* 31 F.3d 847, 850 n. 2 (9th Cir.1994).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.